**STRIS & MAHER LLP**
ELIZABETH BRANNEN (SBN 226234)
ebrannen@stris.com
KENNETH HALPERN (SBN 187663)
khalpern@stris.com
SARAH RAHIMI (SBN 328652)
srahimi@stris.com
777 S Figueroa Street, Suite 3850
Los Angeles, CA 90017
Telephone: (213) 995-6800
Facsimile: (213) 261-0299

Attorneys for Movants
CISCO SYSTEMS, INC.

STRIS | 777 S FIGUEROA ST. STE 3850
MAHER | LOS ANGELES, CA 90017

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Motion to Compel Compliance with Subpoena Directed to Nonparties iPEL, Inc. and Brian Yates<br><br>Underlying Matter<br><br>K. MIZRA, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>CISCO SYSTEMS, INC.<br><br>        Defendant. | Case No. _____<br><br>[DISCOVERY MATTER]<br><br>**MOVANT CISCO SYSTEMS, INC.'S NOTICE OF MOTION TO COMPEL SUBPOENA RESPONSES**<br><br>Date:    [TBD]<br>Time:    [TBD]<br>Location:  [TBD]<br>Judge:   [TBD] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at a date, time, and courtroom to be determined by the Court, Cisco Systems, Inc. ("Cisco") respectfully moves this Court for an order requiring compliance with three related subpoenas: (1) a subpoena to produce documents issued to the entity iPEL, Inc.; (2) a subpoena to produce documents issued to the individual Brian Yates; and (3) a subpoena to testify at a deposition and produce documents issued to Brian Yates. Cisco also requests an order either holding iPEL, Inc. and Brian Yates in contempt or requiring them to show cause as to why they should not be held in contempt for failure to comply with the subpoenas.

Cisco's Motion is based on this Notice of Motion, the accompanying Motion to Compel Subpoena Responses and Memorandum in Support, and Declaration of Elizabeth Brannen.

Dated: March 31, 2023                    Respectfully submitted,


By: */s/ Elizabeth Brannen*
    Elizabeth Brannen
    ebrannen@stris.com
    Kenneth J. Halpern
    khalpern@stris.com
    Sarah Rahimi
    srahimi@stris.com
    **STRIS & MAHER LLP**
    777 S. Figueroa St, Ste 3850
    Los Angeles, CA 90017
    Telephone: (213) 995-6800
    Facsimile: (213) 216-0299

    *Attorneys for Movant*
    *Cisco Systems, Inc.*

STRIS MAHER | 777 S FIGUEROA ST, STE 3850 LOS ANGELES, CA 90017

1   **STRIS & MAHER LLP**
2   ELIZABETH BRANNEN (SBN 226234)
    ebrannen@stris.com
3   KENNETH HALPERN (SBN 187663)
    khalpern@stris.com
4   SARAH RAHIMI (SBN 328652)
    srahimi@stris.com
5
    777 S Figueroa Street, Suite 3850
6   Los Angeles, CA 90017
7   Telephone: (213) 995-6800
    Facsimile: (213) 261-0299
8

9

10  Attorneys for Movants
    CISCO SYSTEMS, INC.
11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

14  In Re: Motion to Compel Compliance        Case No. _____
    with Subpoena Directed to Nonparties
15  iPEL, Inc. and Brian Yates
16                                             [DISCOVERY MATTER]

17  Underlying Matter
                                               **MOVANT CISCO SYSTEMS, INC.'S**
18  K. MIZRA, LLC,                             **MOTION TO COMPEL SUBPOENA**
                                               **RESPONSES AND MEMORANDUM**
19                     Plaintiff,              **IN SUPPORT**

20              v.                             Date:       [TBD]
21                                             Time:       [TBD]
    CISCO SYSTEMS, INC.                        Location:   [TBD]
22                                             Judge:      [TBD]
                       Defendant.
23

24

25

26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

INTRODUCTION .................................................................................. 1

FACTUAL BACKGROUND ................................................................ 2

LEGAL STANDARD ........................................................................... 3

ARGUMENT ........................................................................................ 4

    I. The Subpoenaed Parties have waived all objections to the subpoenas ......... 5

    II. The subpoenas seek important, potentially dispositive, discovery .............. 5

    III. Contempt sanctions are warranted ................................................ 6

CONCLUSION ..................................................................................... 7

S T R I S   |  777 S FIGUEROA ST. STE 3850
M A H E R   |  LOS ANGELES, CA 90017

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. F.B.I.*,
  194 F.R.D. 316 (D.D.C. 2000) .............................................................................4

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) ..............................................................................4

*Comm. on Judiciary v. McGahn*,
  415 F. Supp. 3d 148 (D.D.C. 2019), v*acated on other grounds*, 951
  F.3d 510 (D.C. Cir. 2020)...................................................................................6

*Delis v. Sionix Corp.*,
  No. 13-CV-1547, 2015 WL 12733439 (C.D. Cal. Mar. 12, 2015) ....................6

*K.Mizra LLC v. Cisco Systems, Inc.*,
  No. 6:20-CV-01031 (W. D. Tex. December 18, 2021)........................................3

*K.Mizra LLC v. Cisco Systems, Inc.*,
  No. 6:20-CV-01031 (W. D. Tex. November 6, 2020) ........................................1

*Keith H. v. Long Beach Unified Sch. Dist.*,
  228 F.R.D. 652 (C.D. Cal. 2005).........................................................................4

*Monster Energy Co. v. Vital Pharm., Inc.*,
  No. 5:18-CV-01882, 2019 WL 8112506 (C.D. Cal. Oct. 16, 2019)...................4

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005).........................................................................5

*Morin v. Cnty. of Riverside*,
  No. CV 14-141, 2014 WL 12597117 (C.D. Cal. Oct. 27, 2014) ........................6

*Omnicare, Inc. v. R & W Delivery, LLC*,
  No. 2:21-MC-00075, 2021 WL 4776695 (C.D. Cal. Mar. 15, 2021) .................5

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) .............................................................................................4

*Pietrangelo v. Refresh Club, Inc.*,
  No. 18-CV-1943, 2021 WL 2156504 (D.D.C. May 26, 2021) ...........................4

S T R I S  | 777 S FIGUEROA ST, STE 3850
M A H E R  | LOS ANGELES, CA 90017

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992) ................................................................ 5

*Roberts v. Cnty. of Riverside*,
  No. 5:19-CV-01877, 2021 WL 5993528 (C.D. Cal. Oct. 7, 2021) ................. 3, 4

*Sali v. Corona Reg'l Med. Ctr.*,
  884 F.3d 1218 (9th Cir. 2018) ................................................................ 6

*United States v. McGraw-Hill Companies, Inc.*,
  No. CV 13-0779, 2014 WL 1647385 (C.D. Cal. Apr. 15, 2014) ..................... 4

**Other Authorities**

35A C.J.S. Federal Civil Procedure §560 ...................................................... 6

Federal Rule of Civil Procedure 26 ......................................................... 3, 4, 5

Federal Rule of Civil Procedure 45 ......................................................... 1, 3, 5, 6

Federal Rule of Civil Prodcedure 34 .......................................................... 3

Federal Rules of Civil Procedure 6 ............................................................ 5

S T R I S | 777 S FIGUEROA ST, STE 3850
M A H E R | LOS ANGELES, CA 90017

MOVANT'S MOTION TO COMPEL SUBPOENA RESPONSES AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 45, Cisco Systems, Inc. ("Cisco") respectfully seeks an order compelling non-parties iPEL, Inc. ("iPEL") and Brian Yates ("Mr. Yates") (collectively, the "Subpoenaed Parties") to comply with a subpoena to produce documents properly served on iPEL on December 3, 2021,[1] and subpoenas to produce documents and to testify at a deposition properly served on Mr. Yates on November 30, 2021 and December 2, 2021, respectively. Cisco further asks the Court to hold the Subpoenaed Parties in contempt or order them to show cause as to why they should not be held in contempt for their failure to comply with the subpoenas.

## **INTRODUCTION**

This motion  seeks case-dispositive documents relating to a patent case that K.Mizra, LLC ("K.Mizra") filed against Cisco in the Western District of Texas. *See* Complaint, *K.Mizra LLC v. Cisco Systems, Inc.*, No. 6:20-CV-01031 (W. D. Tex. November 6, 2020), ECF No. 1. K.Mizra alleges infringement of a patent, U.S. Patent No. 8,234,705 (the "Asserted Patent"), based on the sale or use of a particular combination of products that includes not only Cisco products, but also a third-party product. *Id.* Cisco maintains that the use or sale of the allegedly infringing combination of products is licensed under a license agreement that applies to and precludes allegations of infringement that invoke the third-party product in any way. K.Mizra's predecessors-in-interest with respect to the Asserted Patent, and their manager, Brian Yates, entered into the license agreement in 2016 and included the patent within it by 2018. Brannen Decl., Ex. A. K.Mizra counters that the Asserted Patent was mistakenly identified as subject to a provision in the license agreement that would bar suit, pointing to correspondence from Brian Yates and iPEL authored

---

[1] Cisco first issued the subpoena to produce documents on iPEL on November 30, 2021. On December 3, 2021, Cisco again served the subpoena with a slight correction to the definitions for the requests for production.

S T R I S
M A H E R

777 S FIGUEROA ST, STE 3850
LOS ANGELES, CA 90017

years later, during the pendency of this lawsuit. Brannen Decl., Ex. B. Based on this correspondence, K.Mizra continues to prosecute its infringement claims.

Cisco thus requires and sought third-party discovery to explore the assertion that the Asserted Patent was not correctly categorized under the license agreement. The subpoenas in question are narrowly tailored to obtain this potentially case-dispositive discovery. Although Cisco properly served them, the Subpoenaed Parties failed to timely object. They have also failed to timely respond to the subpoenas—at all.

Cisco's motion seeks help from this Court to enforce the subpoenas. The Subpoenaed Parties are in violation and should be compelled to respond.

## FACTUAL BACKGROUND

On November 12, 2021, K.Mizra disclosed Mr. Yates as having information regarding agreements pertaining to the Asserted Patent, and directed Cisco to contact Mr. Yates through its then counsel, Folio Law Group, PLLC ("Folio") and the Law Office of Joseph M. Abraham, PLLC. Brannen Decl., Ex. E. Folio and Mr. Abraham further confirmed that they represented both Mr. Yates and iPEL. Brannen Decl. ¶ 8, 12. Cisco served Mr. Yates and iPEL with subpoenas to produce documents responsive to narrowly tailored requests for production through his counsel on November 30, 2021, and served a corrected subpoena to produce documents on iPEL on December 3, 2021. Brannen Decl., Exs. F, G. On December 2, 2021, Cisco also served Mr. Yates with a subpoena to testify at a deposition and noticed the deposition for December 16, 2021. The subpoena also directed Mr. Yates to bring to the deposition any document that he had not produced pursuant to the November 30, 2021 subpoena. Brannen Decl., Ex. H. Neither iPEL nor Mr. Yates timely objected or otherwise responded to the subpoenas. On December 7, 2021, counsel for Cisco met and conferred with Mr. Yates' counsel to confirm that the noticed date for Mr. Yates deposition works for him, and his counsel responded that they would get back to Cisco's counsel regarding his availability on that date.

S T R I S  |  777 S FIGUEROA ST. STE 3850
M A H E R  |  LOS ANGELES, CA 90017

MOVANT'S MOTION TO COMPEL SUBPOENA RESPONSES AND MEMORANDUM IN SUPPORT

On December 18, 2021, the Court then stayed the underlying action pending conclusion of an *inter partes* review of the Asserted Patent. *See K.Mizra LLC v. Cisco Systems, Inc.*, 6:20-CV-01031 (W. D. Tex. December 18, 2021), ECF No. 58. On January 24, 2023, the court lifted the stay. ECF No. 76.

On January 11, 2023, Folio Law Group withdrew as counsel in the underlying action. ECF No. 73. K.Mizra's new counsel, Sheridan Ross P.C., has informed Cisco that neither Sheridan Ross nor Folio Law Group currently represents the Subpoenaed Parties. Brannen Decl., Ex. I. Cisco then contacted Dan Cotman of Cotman IP Law Group, APLC, who previously represented Mr. Yates and iPEL in connection with the license agreement. Mr. Cotman stated that the firm does "not presently represent Mr. Yates, so…cannot speak as to his position on [Cisco's] subpoena." Brannen Decl., Ex. J.

On March 30, 2023, Cisco received correspondence from Sean O'Brien of Payne & Fears LLP. In the correspondence, Mr. O'Brien states that Payne & Fears represents both Mr. Yates and iPEL and purports to untimely object to the subpoenas and the requests for production therein. Brannen Decl., Ex. K.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena duces tecum on a nonparty compelling the production of documents or commanding attendance at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The same broad scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45." *Roberts v. Cnty. of Riverside*, No. 5:19-CV-01877, 2021 WL 5993528, at *6 (C.D. Cal. Oct. 7, 2021); *see also* Fed. R. Civ. P. 45 Advisory Committee's Note to 1970 Amendment (The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information

S T R I S | MAHER | 777 S FIGUEROA ST, STE 3850 | LOS ANGELES, CA 90017

sought has no conceivable bearing on the case." *Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-CV-01882, 2019 WL 8112506, at *2 (C.D. Cal. Oct. 16, 2019); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining a "relevant matter" as any matter that "bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case"); *Roberts*, 2021 WL 5993528, at *5 (same); *Pietrangelo v. Refresh Club, Inc.*, No. 18-CV-1943, 2021 WL 2156504, at *5 (D.D.C. May 26, 2021) ("When it comes to discovery, relevance is construed broadly."); *Alexander v. F.B.I.*, 194 F.R.D. 316, 326 (D.D.C. 2000) ("Discovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient."). Discovery need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). "Nevertheless, a party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655–56 (C.D. Cal. 2005) (citation omitted); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

## ARGUMENT

The Federal Rules require the Subpoenaed Parties to obey Cisco's duly issued subpoenas. Yet they have neither timely objected nor complied. Their failure to respond with the unquestionably relevant, and potentially dispositive, documents and information sought hinders Cisco's ability to prepare its defense and obtain expeditious resolution of the underlying action.

**I. The Subpoenaed Parties have waived all objections to the subpoenas.**

A nonparty served with a subpoena to produce documents may make written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). A non-party's failure timely to make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also, e.g.*, *Omnicare, Inc. v. R & W Delivery, LLC*, No. 2:21-MC-00075, 2021 WL 4776695 at *2 (C.D. Cal. Mar. 15, 2021) ("A non-party's failure timely to make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived absent unusual circumstances and a showing of good cause.").

Here, Cisco issued the subpoenas to produce documents on November 30, 2021 and December 3, 2021. Brannen Decl., Exs F, G. Both subpoenas identified a return date of December 14, 2021—the deadline to serve written objections to the subpoenas. *See* Rules 45(d)(2)(B), 6(a)(1)(C). The Subpoenaed Parties never served written objections, let alone by the 14-day deadline. They also have not proffered any good cause for their failure to comply with or even acknowledge the subpoenas. Thus, the Subpoenaed Parties have waived any objection to the subpoenas.

**II. The subpoenas seek important, potentially dispositive, discovery.**

Fed. R. Civ. P. 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

5

1  Cisco seeks discovery that would dispose of the underlying infringement
2  action. It is unquestionably relevant. The requests for production are narrowly tailored
3  to answer a critical question: does the license agreement preclude K.Mizra from
4  prosecuting the underlying action because it applies to the asserted patent and
5  precludes allegations of infringement of that patent predicated on the third party
6  product? Brannen Decl., Exs. F, G, H. The subpoenas thus meet the requirement to
7  seek discovery that is relevant to the underlying action.

8  **III.  Contempt sanctions are warranted.**

9  "A subpoena is a court order." *Delis v. Sionix Corp.*, No. 13-CV-1547, 2015
10  WL 12733439, at *2 (C.D. Cal. Mar. 12, 2015). "It is the duty of a person on whom a
11  duly issued subpoena has been served to obey it." 35A C.J.S. Federal Civil Procedure
12  §560; *Comm. on Judiciary v. McGahn*, 415 F. Supp. 3d 148, 168 (D.D.C. 2019) ("[A]
13  valid subpoena ordinarily gives rise to a legally enforceable duty to perform in the
14  requested manner."), v*acated on other grounds*, 951 F.3d 510 (D.C. Cir. 2020).
15  "Defiance of a subpoena is [] an act in defiance of a court order and exposes the
16  defiant witness to contempt sanctions." Fed. R. Civ. P. 45, Advisory Committee's
17  Notes to 1991 Amendment; *see* Fed. R. Civ. P. 45(g); *Morin v. Cnty. of Riverside*, No.
18  CV 14-141, 2014 WL 12597117, at *1 (C.D. Cal. Oct. 27, 2014) ("Upon [a
19  nonparty's] failure to obey the subpoena in the first instance, plaintiffs could have
20  moved the court to hold him in contempt."). The only mechanism available under the
21  Federal Rules of Civil Procedure to enforce a subpoena to testify at a deposition is to
22  hold in contempt a nonparty who, having been served, fails without adequate excuse
23  to obey the subpoena. *See* Fed. R. Civ. P. 45(g); *Sali v. Corona Reg'l Med. Ctr.*, 884
24  F.3d 1218, 1224 (9th Cir. 2018) ("A subpoena under Rule 45 . . . obligates the nonparty
25  to appear at the scheduled deposition at pain of being held in contempt.").

26  Here, the Subpoenaed Parties, having been duly served, have failed without
27  excuse to obey the subpoenas. The Court should thus find iPEL and Mr. Yates in
28  contempt or issue an order to show cause why sanctions should not issue.

## <u>CONCLUSION</u>

For the foregoing reasons, Cisco asks the Court to grant its motion.

MOVANT'S MOTION TO COMPEL SUBPOENA RESPONSES AND MEMORANDUM IN SUPPORT

S T R I S | 777 S FIGUEROA ST, STE 3850
M A H E R | LOS ANGELES, CA 90017

Dated: March 31, 2023

Respectfully submitted,

By: */s/ Elizabeth Brannen*

Elizabeth Brannen
ebrannen@stris.com
Kenneth J. Halpern
khalpern@stris.com
Sarah Rahimi
srahimi@stris.com
**STRIS & MAHER LLP**
777 S. Figueroa St, Ste 3850
Los Angeles, CA 90017
Telephone: (213) 995-6800
Facsimile: (213) 216-0299

*Attorneys for Movant
Cisco Systems, Inc.*

MOVANT'S MOTION TO COMPEL SUBPOENA RESPONSES AND MEMORANDUM IN SUPPORT

**CERTIFICATE OF SERVICE**

I served the following document(s) in the manner indicated below.

**MOVANT CISCO SYSTEMS, INC.'S NOTICE OF MOTION TO COMPEL SUBPOENA RESPONSES**

**DECLARATION OF ELIZABETH BRANNEN IN SUPPORT OF CISCO SYSTEMS, INC.'S MOTION TO COMPEL SUBPOENA RESPONSES**

**[PROPOSED ORDER] GRANTING CISCO SYSTEMS, INC.'S OF MOTION TO COMPEL SUBPOENA RESPONSES**

**CISCO SYSTEMS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT MOTION TO COMPEL SUBPOENA RESPONSES**

**[PROPOSED] ORDER GRANTING CISCO SYSTEMS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT MOTION TO COMPEL SUBPOENA RESPONSES**

**DECLARATION OF ELIZABETH BRANNEN IN SUPPORT OF CISCO SYSTEMS, INC.'S APPLICATION TO FILE DOCUMENTS UNDER SEAL**

☒     by ELECTRONIC MAIL I caused such document(s) to be emailed to the offices and/or to the attorneys listed below;

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:  March 31, 2023                    Signed: /s/ Nick Bertolino
                                                           Nick Bertolino

1

## SERVICE LIST

| Robert R. Brunelli<br>rbrunelli@sheridanross.com<br>Paul Sung Cha<br>pscha@sheridanross.com<br>Patricia Y. Ho<br>pho@sheridanross.com<br>Bart A. Starr*<br>bstarr@sheridanross.com<br>Angela J. Bubis*<br>abubis@sheridanross.com<br>SHERIDAN ROSS P.C.<br>1560 Broadway, Suite 1200<br>Denver, CO 80202<br>Telephone: 303-863-9700<br>Facsimile: 303-863-0223<br><br>*Attorneys for plaintiff K. Mizra* | Sean A. O'Brien<br>Attorney<br>Payne & Fears LLP • 4 Park Plaza,<br>Suite 1100, Irvine, CA 92614<br>Direct 949.797.1270<br>Main 949.851.1100<br>Main Fax 949.851.1212<br>sao@paynefears.com<br><br>*Attorneys for Brian Yates iPEL* |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRIS MAHER | 777 S FIGUEROA ST, STE 3850 | LOS ANGELES, CA 90017

CERTIFICATE OF SERVICE